[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Application for review of sentence imposed by the Superior Court, Judicial District of Waterbury, Docket No. CR 94-227347.
Louis Avitabile, Defense Counsel, for Petitioner.
Kara Eschuk, Assistant State's Attorney, for the State.
Sentence Affirmed.
BY THE DIVISION:
KLACZAK, JUDGE.
NORKO, JUDGE.
Following a violation of probation hearing, the then 35 year old petitioner's probation was revoked and he was sentenced to the custody of the Commissioner of Corrections for a period of CT Page 7305 114 months. (9 1/2 years).
He was originally convicted of sexual assault, 1st degree in August 1994 after pleading guilty under the Alford doctrine. At that time he was sentenced to a term of 12 years, execution suspended after 16 months and 3 years of probation with special conditions including sex offender counseling and drug testing.
In 1996 he was charged with violation of probation. At the violation hearing there was testimony that the petitioner missed multiple appointments with his probation officer, missed appointments for his sex offender counseling and had been using illegal drugs. While disputing some of the allegations, he did admit to using cocaine after testing for dirty urine.
After concluding that the petitioner was in violation of probation and that he was no longer amenable to benefits of probation, he was sentenced to 114 months, which was 14 months less than the unexecuted portion of his sentence.
The Court noted that he originally was given an opportunity to "do the right thing," but showed either an inability or an unwillingness to comply with the rehabilitative conditions of probation.
His attorney, in arguing for a reduction points out that his violation was caused by his drug addiction, but that he committed no other type of crime.
The Sentence Review Division concludes there was nothing disproportionate or unreasonable about the sentence. The initial sentence appears to be more than fair in light of the heinous nature of the offense. For the safety of the community, it was imperative that the petitioner comply with the conditions of probation as they related to counseling and abstinence from unlawful drugs.
Despite that failure and a finding that further probation was not indicated, the Court imposed 14 months less than he was facing.
Reviewing this sentence pursuant to § 43-28 of the Practice Book, we find it to be appropriate and reasonable. It is affirmed. CT Page 7306
Klaczak, Norko Iannotti, J.s, participated in this decision.